654 So.2d 680 (1995)
STATE of Louisiana
v.
Roy HARRIS.
No. 95-KK-0900.
Supreme Court of Louisiana.
May 19, 1995.
PER CURIAM.[*]
On application for post-conviction relief, the court of appeal reversed petitioner's adjudication and sentence as a multiple offender on the grounds that the trial court failed to advise him of his rights at the habitual offender hearing pursuant to La.R.S. 15:529.1(D) before defense counsel stipulated to petitioner's identity. The State of Louisiana seeks review of that ruling.
Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. State v. Johnson, 432 So.2d 815 (La. 1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." State v. Martin, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty. Id., 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, compare State v. Johnson, supra, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. See, Holloway v. Lynaugh, 838 F.2d 792 (5th Cir.), cert. denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); State v. Firmin, 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La.1988).
In this case, the prosecution introduced and filed into evidence a sworn affidavit from the Department of Corrections to prove that petitioner, Roy Harris, was the same person who was previously convicted of the predicate felonies which led to the multiple bill. Defense counsel made his stipulation in open court and in the presence of the petitioner. A complete review of the transcript reveals that the petitioner was given a fundamentally fair hearing wherein the state proved the prior felony convictions.
Accordingly, the ruling of the court of appeal is reversed and petitioner's adjudication and sentence as an habitual offender are reinstated.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.