*681 ON APPLICATION FOR SUPERVISORY WRIT
PER CURIAM.[1]
Granted.
La.R.S. 13:843.1, in pertinent part, provides:
Not later than one hundred twenty days after final termination of a civil suit, the clerks of the district courts shall:
(1) Refund to the plaintiff or plaintiffs any unused balance remaining in the clerk’s advance deposit fund to the credit of the particular suit ...
Under this provision plaintiff may file a motion setting forth facts demonstrating that the civil suit has been finally terminated and praying that the court order the clerk to refund any unused deposit due within the period required by law. La.C.C.P. Art. 963! The court may grant the order ex parte if the mover is clearly entitled without supporting proof, or, if not, require that the motion be served on and tried contradictorily with the adverse party. Id. Evidently, the clerk of court may, within his or her discretion, make such refunds without the necessity of the filing of such a motion if the plaintiff presents satisfactory evidence that the civil suit has been finally terminated and that the plaintiff is clearly entitled to the refund requested.
In the present case, the plaintiff did not present such evidence and request to the clerk of court but filed a petition for such relief with the court. However, the trial court sustained the clerk of court’s exception of no cause of action. The trial court’s judgment was correct in result because the plaintiff failed to allege facts showing that the suits had been finally terminated and that the refunds sought were clearly due. Accordingly, we conclude that the court of appeal erred in reversing the trial court judgment. Therefore, the judgment of the court of appeal is reversed and the trial court’s judgment is reinstated. It is so ordered.

 Johnson, J., not on panel. Rule IV, Part 2, § 3.