665 So.2d 158 (1995)
STATE of Louisiana
v.
George PAYNE, Jr.
No. CR94-1628.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*159 James M. Buck, for State.
Joseph Richard Kutch, George Edward Payne Jr., for George Edward Payne Jr.
Before YELVERTON and SULLIVAN, JJ., and KNIGHT[*], J. Pro Tem.
SULLIVAN, Judge.
Defendant's counsel seeks to withdraw from this case as counsel of record pursuant to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). For the following reasons, we deny defense counsel's motion to withdraw and instruct him to brief the error patent, which we found on review of the record, as discussed herein.
Defendant, George Payne, Jr., was charged by bill of information with possession of stolen goods having a value in excess of one hundred dollars but less than five hundred dollars, a violation of La.R.S. 14:69(B)(2). On January 11, 1994, defendant appeared in court with counsel, waived formal arraignment, and entered a plea of not guilty. Trial by jury began on July 19, 1994. The jury returned a unanimous verdict of guilty as charged on the same day. The state filed a habitual offender bill on September 23, 1994. The defendant entered a plea of guilty as charged to the habitual offender bill as part of a plea agreement and was sentenced on September 23, 1994 to two *160 years with the Louisiana Department of Corrections.

FACTS
On or about March 31, 1993, the defendant was found to be in possession of a Baretta handgun which had been stolen from the residence of Bobby Tullos during a burglary. Mr. Tullos identified the weapon at trial. Three witnesses testified at trial that the defendant possessed the weapon in question. As stated above, the jury returned a unanimous verdict of guilty of possession of stolen property.

ASSIGNMENT OF ERROR
Defendant's counsel has complied with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel's review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, there are no non-frivolous issues to be raised on appeal. A copy of counsel's brief was forwarded to the defendant and the defendant was informed that he had a right to file a brief on his own behalf. The defendant has not filed a brief though this court granted his request to file an untimely brief accompanied by a Motion to Accept Out-of-Time Brief.
As per Benjamin, 573 So.2d 528, this court has performed an independent, thorough review of all the pleadings filed in district court, all minute entries of the district court proceedings, the bill of information and the pertinent transcripts contained in the appellate record. The defendant was properly charged by bill of information with possession of stolen goods having a value in excess of one hundred dollars but less than five hundred dollars, a violation of La.R.S. 14:69(B)(2). The bill of information is signed by the assistant district attorney. The defendant was represented by counsel at each stage of the proceedings. Defendant was found to be a habitual offender. Defendant was sentenced to two years at hard labor. Defendant's sentence is not unconstitutionally excessive and is in fact illegally lenient. Otherwise, defendant's sentence is legal in every respect.
An Assignment of Error and Designation of the Record was filed into the record. Defendant alleged that the evidence was insufficient to support guilt beyond a reasonable doubt. Appellate counsel did not brief this assignment of error but filed an Anders brief instead stating that he thoroughly reviewed the record and has found no non-frivolous issues to be raised on appeal. Appellate counsel has also filed a Benjamin/Anders Motion to Withdraw. As the assignment of error filed into the record was not briefed, it will be considered as abandoned in accordance with Uniform RulesCourts of Appeal Rule 2-12.4. Therefore, we will only review defendant's appeal for errors patent as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ERROR PATENT
After review of the record, we find one error patent. The defendant was not informed of his right to remain silent prior to his stipulating to his identity at the habitual offender hearing. La.R.S. 15:529.1(D)(1) requires that a defendant be informed of his right to remain silent and have the state prove its case. The trial judge failed to inform the defendant of his right to remain silent prior to his admitting that he was the same George Payne convicted of two prior offenses. The state introduced no evidence to prove the defendant was the same person convicted of these prior offenses. The defendant, represented by counsel, apparently stipulated to his identity as part of a plea bargain agreement.
This court has held that where a defendant was not advised of his right to remain silent before admitting his prior convictions at a habitual offender hearing, defendant's acknowledgment is insufficient where the acknowledgment is the only proof of prior convictions offered by the state. State v. Norris, 94-1064 (La.App. 3 Cir. 3/1/95), 651 So.2d 490; State v. Gautreaux, 607 So.2d 1086 (La.App. 3 Cir.1992), citing State v. Johnson, 432 So.2d 815 (La.1983). However, *161 in State v. Harris, 95-0900 (La. 5/19/95); 654 So.2d 680, the supreme court, in reviewing an application for post-conviction relief, held that, in the absence of any allegation or showing that the admission was involuntary, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. In Harris, the prosecution introduced and filed into evidence a sworn affidavit from the Department of Corrections to prove that petitioner, Harris, was the same person who had previously been convicted. The Harris case was not before the supreme court on appellate review. Within the context of an application for post-conviction relief, the court "declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty." Id. at 680. The supreme court did not discuss whether the courts of appeal should continue to recognize the trial court's failure to advise defendant of his right to remain silent at the habitual offender hearing as an error patent in cases on appeal.
The issue of identity is interrelated to the right to remain silent. Anders requires an attorney seeking to withdraw to brief any issues arguably supported by the facts. This is the appropriate procedure to enable counsel for both the defendant and the state to have the opportunity to address whether Harris applies to appeals and, if so, whether the hearing was fundamentally fair.

DECREE
Accordingly, the motion to withdraw is hereby denied and counsel is ordered to brief the issue of whether Harris applies to cases on appeal and, if so, whether defendant's habitual offender hearing was fundamentally fair.
MOTION TO WITHDRAW DENIED. COUNSEL IS ORDERED TO BRIEF THE ISSUE AS INSTRUCTED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.