677 So.2d 527 (1996)
STATE of Louisiana
v.
George PAYNE, Jr.
No. CR94-1628.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1996.
James M. Buck, Alexandria, for State of Louisiana.
Joseph Richard Kutch, Pineville, for George Edward Payne Jr.
George Edward Payne, Jr., pro se.
Before WOODARD, PETERS and SULLIVAN, JJ.
SULLIVAN, Judge.
On July 19, 1994, a jury found defendant, George Payne, Jr., guilty of possession of stolen goods in excess of one hundred dollars but less than five hundred dollars, a violation of La.R.S. 14:69(B)(2). On September 23, 1994, the state charged defendant as a multiple offender. Pursuant to a plea bargain agreement, defendant admitted his status as a multiple felony offender, having pled guilty to a 1988 simple burglary charge. He was sentenced to serve two years with the Louisiana Department of Corrections. Defendant's counsel made an oral motion for appeal and, on September 26, 1994, filed a written motion for appeal assigning as error insufficiency of evidence.
On January 31, 1995, instead of briefing the assignment of error, appellate counsel filed an Anders brief, together with a motion to withdraw. This court considered the assignment of error abandoned and did not address it. The court reviewed the record, as mandated by Anders v. California, *528 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), finding one error patent; namely, defendant was not informed of his right to remain silent prior to pleading guilty to his multiple offender status. State v. Payne, 94-1628 (La.App. 3 Cir. 12/6/95); 665 So.2d 158. We denied the motion to withdraw and ordered appellate counsel to brief the issue of whether State v. Harris, 95-0900 (La. 5/19/95); 654 So.2d 680, which involved an application for post-conviction relief, also applied to cases on appeal and, if so, whether defendant's habitual offender hearing was fundamentally fair. After reviewing the record and the relevant law, we find that Harris does apply to cases on appeal, that the habitual offender hearing was fundamentally fair, and affirm defendant's adjudication and sentence.
La.R.S. 15:529.1(D) provides, in part:
[T]he court ... shall inform [defendant] of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.
In State v. Johnson, 432 So.2d 815 (La. 1983), defendant was determined by the trial court to be a habitual offender and sentenced to twenty-four years at hard labor. At the hearing, defendant pled not guilty. No evidence was presented by the state that defendant was the same person who had been previously convicted. The trial court, over the objection of counsel, compelled defendant to testify. The supreme court reversed and vacated the sentence. The court stated:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
Id., at 817.
More recently, in State v. Harris, 654 So.2d 680, the supreme court, in an application for post-conviction relief, stated:
Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. State v. Johnson, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." State v. Martin, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty. Id., 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, compare State v. Johnson, supra, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. See, Holloway v. Lynaugh, 838 F.2d 792 (5th Cir.), cert. denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); State v. Firmin, 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La.1988).
In the case sub judice, unlike in Harris, no independent evidence was introduced by the state to prove defendant was the same person previously convicted of a predicate felony. However, our review of the record convinces us that "the proceedings as a whole accorded the (defendant) fundamental fairness and due process." At the hearing on September 23, 1994, the following colloquy occurred:
BY MS. LAING (assistant district attorney):
Mr. George Payne? *529 BY MR. PAYNE:
Yes, ma'am.
BY MS. LAING:
Mr. Payne, you're present and represented by your attorney, Mr. Kutch. Is that correct?
BY MR. PAYNE:
Yes.
BY THE COURT:
What docket?
BY MS. LAING:
Mr. Payne, there's a ... Oh, I'm sorry. 236,525.
BY THE COURT:
Minor little details.
BY MS. LAING:
There's a bill of information filed against you, Mr. Payne, alleging that you are a multiple felony offender, second offender, I believe. It's my understanding you intend to admit ...
BY MR. PAYNE:
Yes ma'am.
BY MS. LAING:
... that. Is that correct?
BY MR. PAYNE:
Yes, ma'am.
BY MS. LAING:
Okay. It's alleged that you pled guilty to simple burglary in December 14, 1988, and that you were convicted of possession of stolen things in July 19, 1994, and you admit those charges?
BY MR. PAYNE:
Yes, ma'am.
BY THE COURT:
Mr. Payne, you understand ... We filed the bill?
BY MS. LAING:
Well, no, I need to file it. I didn't realize that was the original.
BY THE COURT:
Mr. Payne, you understand that you have a right to a hearing ...
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
... on this particular charge itself on the multiple bill? You have a right to have the state come and prove that you are the same George Payne that had the other convictions.
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
You have a right to a lawyer at that particular hearing?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
Then those convictions are valid convictions?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
If you plead guilty and accept this at this time, then you're waiving the right to that particular hearing, which would be with all due process and all the rest. You understand that?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
And you also understand that if you plead guilty on this, you will receive a sentence that will be without benefit of probation or suspension of sentence?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
You also understand under 15:571.4, I believe, .3, et seq., then you'd also lose your rights to good time? You understand...
BY MR. PAYNE:
No, I ... I didn't ...
BY THE COURT:
You didn't know that?
BY MR. PAYNE:
No. (Inaudible)
BY THE COURT:
This would be a sentence without good time. You understand that you have a two-year sentence is the agreement in exchange for this?

*530 BY MR. PAYNE:
Yes, sir.
BY THE COURT:
And that that would be without benefit of suspension of sentence or probation but that it would be also without benefit of good time under the statute?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
And you're still prepared to admit?
BY MR. PAYNE:
Yes, sir.
BY THE COURT:
Okay. Court's satisfied in this particular matter. It's going to be the sentence of the Court that Mr. George Payne is to serve two years with the Department of Corrections as an habitual offender, second offender.
BY MR. PAYNE:
But, Your Honor, I've got ... I've got almost eleven months turned in now.
BY THE COURT:
Hang on. We've got some other things I've got to say. You will get credit for time served. You've got three years from the date your sentence becomes final to seek post-conviction relief. If you want another court to review this, you've got to ask for it within three years. That needs to show in the sentencing transcript, too, Brenda.
* * * * * *
BY MR. PAYNE:
Your Honor, how much time does that leave me to ... due?
BY THE COURT:
Thirteen months.
BY MR. PAYNE:
Thirteen months?
BY THE COURT:
It's straight time.
BY MR. PAYNE:
Okay.
BY THE COURT:
Okay?
There have been no allegations or showing that the admission was involuntary. Defendant was represented by counsel at the hearing, he was informed of the allegations in the multiple offender bill and he was advised of his right to a hearing wherein the state would have the burden of proving he was the same person previously convicted of the predicate offense. Furthermore, the admission was part of a plea agreement and defendant was fully apprised of the sentence he was to receive.
Accordingly, we find there was no error in the habitual offender proceedings and the defendant's adjudication and sentence as a habitual offender are affirmed.
AFFIRMED.