776 So.2d 1240 (2000)
STATE of Louisiana
v.
Herman FLETCHER, Jr.
No. 00 00968-KA.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Rehearing Denied January 24, 2001.
*1241 J. Phillip Haney, District Attorney, New Iberia, LA, Counsel for Plaintiff State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, Counsel for Defendant Herman Fletcher, Jr.
(Court composed of ULYSSES G. THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges).
PETERS, Judge.
The defendant, Herman Fletcher, Jr., was charged by bill of information as an habitual offender pursuant to La.R.S. 15:529.1(A)(1), based on three prior felony convictions. At a hearing held March 4, 1997, he acknowledged his conviction of the predicate offenses described in the bill of information. Thereafter, the trial court sentenced him to serve eighteen years at hard labor without the benefit of probation or suspension of sentence. The trial court ordered the sentence to run concurrent with two other sentences the defendant received the same day in other unrelated criminal matters. Additionally, the trial court recommended that the defendant participate in a drug treatment program during incarceration. The trial court granted the defendant an out-of-time appeal on October 18, 1999, and he is now before us, asserting two assignments of error.

Assignment of Error No. 1
In his first assignment of error, the defendant asserts that he was not properly adjudicated a third felony offender in that the trial court failed to advise him of his right to remain silent prior to questioning and adjudication. Additionally, he asserts *1242 that, although he was informed of his right to a hearing, the trial court did not fully inform him of the proof required to be presented by the state in seeking his adjudication.
The three predicate felony convictions described in the bill of information are (1) possession of cocaine, a violation of La.R.S. 40:967; (2) forgery, a violation of La.R.S. 14:72; and (3) simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. The defendant originally entered a not guilty plea to the habitual offender charge at his arraignment held February 13, 1997, but he changed that plea at a hearing held March 4, 1997. In both appearances, he was represented by court-appointed counsel.
At the beginning of the March 4 hearing, the following exchange took place between the trial court and the defendant:
Q Okay. Mr. Fletcher, you are aware that the district attorney has filed a bill of information charging you with having committed three felonies? Are you aware of that?
A Yes, sir.
Q Okay. You're familiar with that bill of information?
A Yes, I am, Your Honor.
Q You've had an opportunity to discuss that with your lawyer ...?
A Yes, sir.
Q Okay. The purpose of us today is, if you want, you are entitled to have a hearing on this multiple offender bill of information to have the State prove up those three felonies that they say you have committed. And if you want to have that hearing, then we'll have a hearing on that. On the other hand, if you recognize that you have committed these felonies, you can waive the hearing and admit the bill of information. So what is it that you desire to do?
A Yes, sir, you can go ahead and waive it, Your Honor.
Q You're going to waive the hearing
A Yes, sir.
Q on the bill of information for the multiple offender; is that correct?
A Yes, sir.
Q All right. That being the case, I believe that some plea bargain has been entered into between the State and you and your lawyer concerning some other charges.
Following this exchange, the trial court questioned the parties concerning the particulars of the proposed plea agreement. The state explained that the defendant agreed to plead guilty to two unrelated charges in exchange for concurrent sentences on the two charges and the habitual offender charge. The trial court then asked the defendant if this was his understanding of the plea agreement, and the defendant responded in the affirmative.
The defendant then entered guilty pleas to the two unrelated felony charges, and the trial court Boykinized him extensively concerning the voluntary nature of those pleas. Additionally, the state provided a factual background to the trial court relative to each charge, and the defendant acknowledged the factual background to be correct. Thereafter, the trial court sentenced the defendant on each charge in accordance with the plea bargain.
After sentencing the defendant on those two convictions, the trial court turned its attention again to the habitual offender charge. Before sentencing the defendant on the habitual offender charge, the trial court first discussed at length letters and documents it had received from the defendant's family members and summarized the defendant's prior criminal history. After sentencing, and after an off-the-record discussion, the trial court asked the defendant if he was the individual who committed the predicate offenses described in the bill of information. The defendant responded in the affirmative. At no time did the trial court inform the defendant that he had the right to remain silent prior to questioning and adjudication, and the only *1243 evidence of the prior convictions is the defendant's admissions.
While La.R.S. 15:529.1 does not specifically address the issue of a defendant's right to remain silent, in State v. Johnson, 432 So.2d 815 (La.1983), writ granted on other grounds, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir. 1985), the supreme court concluded that the statute clearly recognizes that a defendant has the right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. The question is whether or not this is harmless error.
This very issue was addressed by the supreme court in State v. Harris, 95-0900 (La.5/19/95); 654 So.2d 680. In that case, the state introduced a sworn affidavit from a representative of the Department of Corrections to establish that the defendant was the same person who had been convicted of the predicate offenses. Additionally, the defendant's counsel stipulated "in open court and in the presence of the [defendant]" that he was the same person. In an application for post-conviction relief, the defendant sought to have his adjudication as a multiple offender set aside because the trial court had failed to advise him of his rights as required by La.R.S. 15:529.1(D). In rejecting this argument, the supreme court stated:
Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. State v. Johnson, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." State v. Martin, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty. Id., 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, compare State v. Johnson, supra, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. See, Holloway v. Lynaugh, 838 F.2d 792 (5th Cir.), cert. denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); State v. Firmin, 522 So.2d 1181 (La.App.4th Cir.), writ denied, 532 So.2d 759 (La.1988).
Id. at 680.
The supreme court concluded that the petitioner was given a fundamentally fair hearing despite the fact that the trial court failed to advise him of his rights.
This court, in State v. Roberson, 94-1570 (La.App. 3 Cir. 11/2/95); 664 So.2d 687, reversed an habitual offender adjudication, concluding that the proceeding was not fundamentally fair when the defendant was not advised of his right to remain silent and the state failed to introduce independent evidence of his identity before he admitted to his status as an habitual offender. This court distinguished Harris because, unlike the affidavit introduced in Harris, "[n]o independent evidence or testimony was introduced to prove the defendant's identity." Id. at 690. See also State v. Coleman, 96-525 (La.App. 3 Cir. 10/7/98); 720 So.2d 381.
However, in State v. Payne, 94-1628 (La.App. 3 Cir. 5/22/96); 677 So.2d 527, this court reached the conclusion that a proceeding was fundamentally fair even though the defendant was not advised of his right to remain silent in an habitual offender adjudication and despite the fact *1244 that the only evidence of his multiple offender status was his own admission. In doing so, the court made the following statement:
There have been no allegations or showing that the admission was involuntary. Defendant was represented by counsel at the hearing, he was informed of the allegations in the multiple offender bill and he was advised of his right to a hearing wherein the state would have the burden of proving he was the same person previously convicted of the predicate offense. Furthermore, the admission was part of a plea agreement and defendant was fully apprised of the sentence he was to receive.
Id. at 530 (emphasis added).
The court in Payne referred to the Harris decision and concluded that the proceedings were fundamentally fair and met due process standards. As emphasized in the statement quoted herein, of significant importance to the court in Payne was the fact that the admission was part of a plea agreement and the defendant was fully apprised of the sentence he was to receive.
We find that the decisions in Harris and Payne are determinative of the issue in this assignment of error. In following those decisions, we conclude that the multiple offender procedure as a whole accorded the defendant a hearing which was fundamentally fair and which afforded him due process. Therefore, we find no merit in this assignment of error.

Assignment of Error No. 2
In this assignment, the defendant asserts that his eighteen-year sentence imposed by the trial court was excessive. However, a review of the record reveals that the defendant failed to request reconsideration of his sentence. His failure to do so precludes him from raising any objection to the sentence and precludes this court from entertaining a claim for excessiveness of sentence. See La.Code Crim.P. art. 881.1(D).

Errors Patent
In accordance with La.Code Crim.P. art. 920(2), we have reviewed the record for errors patent on the face of the record and have found one. In imposing sentence, the trial court informed the defendant that he had three years from the date of sentencing to apply for post-conviction relief. Rather than from the imposition of sentence, the defendant has three years from the date the judgment of conviction and sentence becomes final to apply for post-conviction relief. La.Code Crim.P. art. 930.8(A) and (C).[1] This error patent may be cured by the trial court sending written notice to the defendant informing him of the appropriate prescriptive period for post-conviction relief.

DISPOSITION
We affirm the defendant's adjudication as a multiple offender in all respects. We further instruct the trial court to send written notice to the defendant within ten days of the rendition of this opinion to advise him of the appropriate prescriptive period for post-conviction relief. The trial court shall file written proof in the record to verify that the defendant received such notice.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
THIBODEAUX, J., DISSENTS AND ASSIGNS WRITTEN REASONS.
THIBODEAUX, J., dissenting.
Although the Defendant admitted his identity and admitted the existence of two predicate offenses, it is clear that he was not advised of his right to remain silent *1245 and the State did not introduce independent evidence of identity and the existence of predicate offenses. In my view, independent evidence is necessary on his identity and the existence of the predicate offenses. The majority relies on the fact that the habitual offender was part of a plea bargain. However, the plea bargain involved two unrelated offenses. After he was sentenced pursuant to the plea agreement, the trial court imposed the habitual offender sentence. The Defendant was advised of his right to remain silent in connection with his plea to two unrelated offenses after he acknowledged his status as a habitual offender and waived his right to a hearing. The plea colloquy indicates that the plea agreement involved the Defendant's plea to the unrelated offenses only. Thus, the majority's reliance on State v. Payne, 94-1628 (La.App. 3 Cir. 5/22/96); 677 So.2d 527 is misplaced.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] We recognize that La.Code Crim.P. art. 930.8 was amended by Acts 1999, No. 1262, § 1, to decrease the time period from three years to two years. However, the defendant was sentenced before the effective date of the amendment, and the prior prescription period applies.