STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-404

STATE OF LOUISIANA

VERSUS

OTERREL J. BOUTTE

AKA O'TERREL BOUTTE,

AKA O'TERRELL BOUTTE, ETC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR119198
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

Saunders, J., dissents with written reasons.

SENTENCE VACATED, REMANDED FOR HABITUAL OFFENDER
HEARING & RESENTENCING.

**Michael Harson**
**District Attorney, 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Allan P. Haney**
**Assistant District Attorney, 15th JDC**
**P. O. Box 4308**
**Lafayette, LA 70502**
**(337) 291-7009**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
**Oterrel J. Boutte**

**GREMILLION, Judge.**

_____The Defendant, Oterrel J. Boutte, was convicted of monetary instrument abuse and then charged as a habitual offender. He entered a plea of not guilty. The parties stipulated Defendant had three prior felony convictions. The trial court subsequently adjudicated Defendant to be a habitual offender and sentenced him to twenty years at hard labor.

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There is an error patent concerning the habitual offender proceeding. The trial court erred in failing to advise Defendant of his right to remain silent, the right to a hearing, and to have the State prove its case at the habitual offender proceeding.

At the habitual offender proceeding, the State introduced into evidence certified copies of Defendant's pleas in three other matters to prove the existence of Defendant's prior convictions. Counsel then stipulated that Defendant was properly identified as the person who had those prior convictions. The State offered no independent evidence or testimony to prove Defendant's identity. The trial court subsequently found Defendant to be a multiple felony offender, and sentenced him to twenty years at hard labor.

In _State v. Fletcher_, 00-968, pp.3-4 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, 1243, _writ denied_, 01-342 (La. 12/14/01), 803 So.2d 986, this court, addressing an assigned error, discussed the pertinent case law on this issue:

> While La.R.S. 15:529.1 does not specifically address the issue of a defendant's right to remain silent, in _State v. Johnson_, 432 So.2d 815 (La.1983), _writ granted on other grounds_, 438 So.2d 1113 (La.1983), _appeal after remand_, 457 So.2d 1251 (La.App. 1 Cir.1984), _appeal after remand_, 471 So.2d 1041 (La.App. 1 Cir.1985), the supreme court concluded that the statute clearly recognizes that a defendant has the

1

right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. The question is whether or not this is harmless error.

This very issue was addressed by the supreme court in *State v. Harris*, 95-0900 (La.5/19/95); 654 So.2d 680. In that case, the state introduced a sworn affidavit from a representative of the Department of Corrections to establish that the defendant was the same person who had been convicted of the predicate offenses. Additionally, the defendant's counsel stipulated "in open court and in the presence of the [defendant]" that he was the same person. In an application for post-conviction relief, the defendant sought to have his adjudication as a multiple offender set aside because the trial court had failed to advise him of his rights as required by La.R.S. 15:529.1(D). In rejecting this argument, the supreme court stated:

> Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. *State v. Johnson*, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." *State v. Martin*, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty. *Id.*, 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, *compare State v. Johnson, supra*, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. *See, Holloway v. Lynaugh*, 838 F.2d 792 (5th Cir.), *cert. denied*, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); *State v. Firmin*, 522 So.2d 1181 (La.App.4th Cir.), writ denied, 532 So.2d 759 (La.1988).

*Id.* at 680.

The supreme court concluded that the petitioner was given a fundamentally fair hearing despite the fact that the trial court failed to advise him of his rights.

In *Fletcher*, the defendant agreed to plead guilty to two unrelated charges in

2

exchange for concurrent sentences with the habitual offender sentence. On appeal, he challenged his habitual offender adjudication and sentence on the ground that the trial court failed to advise him of his right to remain silent. The defendant admitted to identity and the state did not introduce any evidence to prove identity. However, relying on *Harris* and *State v. Payne*, 94-1628 (La.App. 3 Cir. 5/22/96), 677 So.2d 527, this court found the defendant's hearing was fundamentally fair, thus, the error lacked merit. The facts of *Fletcher* reflected that the trial court advised the defendant of his right to a hearing for the State to prove its case, and the defendant waived the hearing.

In *Payne*, this court reached the conclusion that a proceeding was fundamentally fair even though the defendant was not advised of his right to remain silent in a habitual offender adjudication and despite the fact that the only evidence of his multiple offender status was his own admission. In doing so, the court made the following statement:

> There have been no allegations or showing that the admission was involuntary. Defendant was represented by counsel at the hearing, he was informed of the allegations in the multiple offender bill and he was advised of his right to a hearing wherein the state would have the burden of proving he was the same person previously convicted of the predicate offense. Furthermore, the admission was part of a plea agreement and defendant was fully apprised of the sentence he was to receive.

*Id*. at 530.

The court in *Payne* referred to the *Harris* decision and concluded that the proceedings were fundamentally fair and met due process standards. In *Payne,* the defendant was advised by the trial court he had the right to a hearing, and the right for an attorney to represent him at the hearing. Additionally, the trial court advised the defendant, "You have a right to have the state come and prove that you are the

3

same George Payne that had the other convictions," and "[i]f you plead guilty and accept this at this time, then you're waiving the right to that particular hearing, which would be with all due process and all the rest." *Id.* at 529.

In *State v. Boswell*, 96-801 (La.App. 3 Cir. 2/12/97), 689 So.2d 627, this court found the habitual offender hearing was fundamentally fair despite the defendant's admission of his status as a habitual offender without being informed of his right to remain silent and in the absence of additional evidence being presented to prove his status. In concluding the hearing was fundamentally fair, this court noted that the defendant was represented by capable counsel who explained the habitual offender charges to him and the defendant admitted his prior offense in the presence of his attorney "*after being extensively informed of his right to a hearing where the State would have to prove his identity as a habitual offender beyond reasonable doubt.*" *Id.* at 636. (emphasis added).[1]

In *State v. Roberson*, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687, this court reversed a habitual offender adjudication, concluding that the proceeding was not fundamentally fair when the defendant was not advised of his right to remain silent and the state failed to introduce independent evidence of his identity before he admitted to his status as a habitual offender. Although the trial court advised the defendant he had the right to a trial where the state would have to prove beyond a

---

[1]In *State v. Frazier*, an unpublished case bearing docket number 99-780 (La.App. 3 Cir. 12/8/99), this court noted as error patent that the defendant was not apprised of his right to silence and to have a hearing before he admitted his status as a habitual offender. After reviewing the pertinent case law, this court concluded the defendant was afforded a fundamentally fair hearing. The state introduced additional evidence to prove the existence of the defendant's prior guilty pleas, but no evidence to prove the defendant's identity. The colloquy between the defendant and the court was not extensive, but defense counsel informed the court that the matter had been discussed with his client and *the prosecutor informed the judge that the defendant was aware of his rights (with no objection from the defense)*. This court noted that the defendant admitted his status in the presence of his attorney and that the defendant did not allege that his admission was involuntary.

4

reasonable doubt that he was the person that committed the prior crimes, this court pointed out that the trial court did not state that the defendant had the right to remain silent. Additionally, this court distinguished *Harris* because, unlike the affidavit introduced in *Harris*, "[n]o independent evidence or testimony was introduced to prove the defendant's identity." *Id.* at 690.

In *State v. Coleman*, 96-525 (La.App. 3 Cir. 10/7/98), 720 So.2d 381, this court distinguished *Harris,* and concluded that the defendant was not afforded a fundamentally fair hearing. The trial court did not advise the defendant of his right to remain silent or have the state prove its case. Before the defendant's admission to his status as a habitual offender, the trial court stated, "'[r]ather than [having] a hearing on habitual offender, you admit to being a habitual offender. . . .'" *Id.* at 387. No proof other than the defendant's admission was offered to prove his status as a habitual offender. [2]

In this case, Defendant was not advised of his right to remain silent, the right to a hearing, and to have the State prove its case, including identity. Defendant did not waive his right to the hearing. No independent evidence was introduced by the State to prove identity except for Defendant's stipulation. Additionally, Defendant's stipulation was not part of a plea bargain agreement. Consequently, we find that Defendant was denied a fundamentally fair hearing. Accordingly, Defendant's habitual offender adjudication and enhanced sentence for the conviction of monetary instrument abuse is vacated and remanded for a new habitual offender hearing and

---

[2]In *State v. Quinn*, an unpublished opinion bearing docket number 06-1183 (La.App. 3 Cir. 2/7/07), the trial court failed to advise the defendant of his right to remain silent and to have the state prove the case against him at the multiple offender proceeding. The defendant stipulated that he was the same person convicted of the predicate offenses. The state presented no other evidence concerning the identity of the prior felony offender. This court, following *Roberson* and *Coleman*, vacated the defendant's multiple offender sentence and remand the matter for resentencing.

resentencing.

## ASSIGNMENTS OF ERROR

Defendant's three assignments of error are addressed in appellate court docket number 09-583, as they pertained to Defendant's underlying conviction.

## DECREE

Defendant's habitual offender adjudication and enhanced sentence on the conviction of monetary instrument abuse are vacated, and the matter is remanded to the trial court for a habitual offender hearing and resentencing.

**SENTENCE VACATED, REMANDED FOR HABITUAL OFFENDER HEARING & RESENTENCING.**

**SAUNDERS, Judge**

The majority has concluded that we vacate the Defendant's habitual offender adjudication and enhanced sentence and that we remand for a new hearing and re-sentencing. I disagree.

At the Defendant's habitual offender proceeding, certified copies of the Defendant's pleas in three other matters were used to evidence the Defendant's status as a habitual offender. No independent evidence was used to prove his identity. The Defendant was informed of the allegations against him in the multiple offender bill that was read in open court. The Defendant was accompanied by an attorney at the proceeding, and said attorney stipulated that the Defendant was properly identified as the person who had the prior convictions. The court did not notify the Defendant that he had the right to remain silent or that he had the right to a hearing wherein the state would prove its case against him.

As noted in the majority opinion, the supreme court has not adopted a requirement similar to a *Boykin* colloquy in habitual offender proceedings. So long as there is not a showing that the admission was involuntary, the question comes down to whether the proceeding was fundamentally fair.

The present matter varies very little, if at all, from the scenarios in *State v. Frazier*, 99-780 (La.App. 3 Cir. 12/8/99), and *State v. Roberson*, 01-1171 (La.App. 3 Cir. 2/27/02), 809 So.2d 1173. In both cases, this court found the proceedings to be fundamentally fair despite a failure to advise the defendant of his right to remain silent and to a hearing. In *State v. Payne*, 94-1628 (La.App. 3 Cir. 5/22/96), 677 So.2d 527, another case similar in facts to the present matter, this court found the proceeding to be fundamentally fair despite an absence of independent evidence identifying the defendant. While no mention was made to his right to remain silent,

the court did alert the defendant to his right to a hearing.

In the matter before us, I think great significance lies in the fact that the Defendant was accompanied by his attorney and that he was apprised of the charges against him by the reading of the multiple offender bill. I believe that there is nothing to suggest that the admission was involuntary, and I feel that the Defendant was given a fair hearing.  For these reasons, I respectfully dissent from the majority opinion.