NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1518 consolidated with 11-1519

STATE OF LOUISIANA

VERSUS

JUSTIN JAMES BADEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR119180
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and
Marc T. Amy, Judges.

AFFIRMED AND REMANDED FOR
SENTENCING.

Michael Harson
District Attorney – 15th Judicial District Court
P. O. Box 3306
Lafayette, LA 70502-3306
Telephone:  (337) 232-5170
COUNSEL FOR:
     Plaintiff/Appellee - State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
Telephone:  (337) 491-0570
COUNSEL FOR:
     Defendant/Appellant - Justin James Badeaux

**Allan P. Haney**
**Assistant District Attorney – 15th Judicial District Court**
**P. O. Box 4308**
**Lafayette, LA 70502**
**Telephone:  (337) 291-7009**
**COUNSEL FOR:**
**Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

The State charged Defendant Justin Badeaux with illegal possession of stolen property over $500.00, a violation of La.R.S. 14:69. The State filed a habitual offender bill, seeking to enhance the illegal possession sentence. Separately, the State charged Defendant with unauthorized use of an access card for value in excess of $500.00, a violation of La.R.S. 14:67.3.[1] Defendant reached a plea agreement with the State pursuant to which Defendant pled guilty to the amended charge of attempted illegal possession of stolen property, to the unauthorized use of an access card, and to being a habitual offender. The trial court sentenced Defendant to ten years at hard labor on the attempted illegal possession of stolen property charge.[2] He filed a motion to reconsider sentence, which the trial court denied. Defendant appeals. We affirm but remand for sentencing on the charge of unauthorized use of an access card.

## I.

## ISSUES

We shall consider whether:

(1)     the trial court erred in imposing excessive sentences; and

(2)     the trial court erred in finding that Justin Badeaux was a habitual offender.

## II.

## FACTS AND PROCEDURAL HISTORY

Defendant committed two separate offenses which led to the State's charges. In March 2008, he knowingly possessed parts of a mixing machine that had been stolen from the Evangeline Maid Bakery. Later that year, in October 2008, Defendant knowingly used another individual's credit card without permission. After

---

[1]The two matters were consolidated on appeal.

[2]As discussed in the Error Patent section, the trial court failed to impose a sentence for unauthorized use of an access card.

the State charged Defendant with both crimes, Defendant negotiated a plea agreement with the State.

Defendant entered a guilty plea to the amended charge of attempted illegal possession of stolen property over $500.00 and to the charge of unauthorized use of an access card for value in excess of $500.00. Additionally, Defendant pled guilty to being a second felony offender.[3] The trial court ordered a pre-sentence investigation.

The trial court enhanced the sentence on Defendant's attempted illegal possession of stolen property conviction and sentenced him to ten years at hard labor. The trial court failed to impose a sentence for the charge of unauthorized use of an access card. After the trial court denied Defendant's motion to reconsider sentence, he perfected this appeal.

III.

## LAW AND DISCUSSION

### Errors Patent and Assignment of Error No. 2

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find several errors exist regarding the sentencing and habitual offender proceeding, which encompass assignment of error number two.

Prior to his admission to being a habitual offender, the trial court failed to advise Defendant of his right to remain silent. Defendant assigns this as an error.

In *State v. Fletcher*, 00-968, pp. 3-4 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, 1243, *writ denied*, 01-342 (La. 12/14/01), 803 So.2d 986, this court discussed the pertinent case law on this issue:

> While La. R.S. 15:529.1 does not specifically
> address the issue of a defendant's right to remain silent,

---

[3]At the guilty plea proceeding, Defendant's counsel stipulated to the fact that Defendant pled guilty in September 2004 to the charge of simple burglary.

in *State v. Johnson*, 432 So.2d 815 (La.1983), *writ granted on other grounds*, 438 So.2d 1113 (La.1983), *appeal after remand*, 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand*, 471 So.2d 1041 (La.App. 1 Cir.1985), the supreme court concluded that the statute clearly recognizes that a defendant has the right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. The question is whether or not this is harmless error.

This very issue was addressed by the supreme court in *State v. Harris*, 95-0900 (La.5/19/95); 654 So.2d 680. In that case, the state introduced a sworn affidavit from a representative of the Department of Corrections to establish that the defendant was the same person who had been convicted of the predicate offenses. Additionally, the defendant's counsel stipulated "in open court and in the presence of the [defendant]" that he was the same person. In an application for post-conviction relief, the defendant sought to have his adjudication as a multiple offender set aside because the trial court had failed to advise him of his rights as required by La. R.S. 15:529.1(D). In rejecting this argument, the supreme court stated:

> Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination. *State v. Johnson*, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." *State v. Martin*, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty. *Id.*, 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, compare *State v. Johnson*, *supra*, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. *See, Holloway v.*

3

> *Lynaugh*, 838 F.2d 792 (5th Cir.), *cert. denied*, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); *State v. Firmin*, 522 So.2d 1181 (La.App. 4th Cir.), *writ denied*, 532 So.2d 759 (La.1988).
>
> *Id*. at 680.

*Id.* at 1243.

Defendant argues that, based on the trial court's failure to advise him of his right to remain silent before his admission as a habitual offender, his adjudication and enhanced sentence should be reversed. In support of his argument, Defendant cites S*tate v. Boutte*, 09-404 (La.App. 3 Cir. 1/13/10), 27 So.3d 1111.

In *Boutte*, the defendant was not advised of his right to remain silent, the right to a hearing, and to have the state prove its case, including identity. Additionally, the defendant did not waive his right to the hearing. The state introduced no independent evidence to prove identity except for the defendant's stipulation, and the defendant's stipulation was not part of a plea bargain agreement. This court found that the defendant was denied a fundamentally fair hearing, and the defendant's habitual offender adjudication and enhanced sentence were vacated and remanded for a new habitual offender hearing and resentencing.

*Boutte* is distinguishable because the defendant's admission to identity in *Boutte* was not part of a plea agreement as it is in this case. The facts in this case are similar to *State v. Mitchell*, 10-934 (La.App. 5 Cir. 4/26/11), 64 So.3d 391, which supports a finding that the trial court's error was harmless.

In *Mitchell*, a similar error patent was discussed in the context of a guilty plea, as in this case, and the court held in pertinent part:

> The record reflects that defendant was not specifically advised by the trial judge of his right to remain silent prior to stipulating to the allegations in the multiple offender bill of information. Before a defendant stipulates to the charges in a habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the multiple bill, his

4

right to be tried as to the truth thereof, and his right to remain silent. LSA-R.S. 15:529.1(D)(1)(a) and (3). The failure of the trial court to comply with the requirements of LSA-R.S. 15:529.1(D)(1)(a) and (3) is subject to a harmless error analysis. *State v. Dearmas*, 606 So.2d 567, 569 (La.App. 5 Cir.1992); *overruled on other grounds by State v. Davis*, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126.

Generally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is considered harmless error where the defendant's multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. *State v. Palmer*, 93-1027, p. 4 (La.App. 5 Cir. 4/26/94), 636 So.2d 1091, 1093. However, when the defendant stipulates to the multiple offender bill without having been informed of his right to a hearing or his right to remain silent, by either the court or his attorney, there is reversible error. *State v. Brown*, 95-377, p. 6 (La.App. 5 Cir.1995), 665 So.2d 477, 480.

In this case, the trial court addressed defendant as follows, prior to accepting his stipulation to the multiple offender bill of information:

THE COURT:

. . . .

Mr. Mitchell, this Waiver of Rights Form that you signed indicates that the State of Louisiana is relieved of its obligation to put on proof that you, in fact, had committed all the crimes that would allow them to charge you as being a second offender in this case. That would also include the fact that you had been given, in those earlier crimes, all your proper Rights that you are, in fact, the same person who was previously convicted and a number of other details. Basically, what you're doing is you're waiving them, or in other words, you're telling the State of Louisiana they don't have to put on any of that evidence.

Is that correct, sir?

MR. HASSON MITCHELL

Yes, sir.

As can be seen from the above, while the court arguably advised defendant of his right to a hearing, he did not inform him of the specific allegations contained in the multiple offender bill or his right to remain silent.

5

However, we find that this error was harmless in light of the fact that defendant executed a Waiver of Rights--Plea of Guilty as Multiple Offender under LA R.S. 15:529.1 form, in which he acknowledged with his initials and signature that he had reviewed a copy of the bill of information for the multiple bill and understood that he had a right to a hearing as well as the right to remain silent throughout such a hearing. *See State v. Wheelwright*, 615 So.2d 385 (La.App. 5th Cir.1993), *writ denied*, 619 So.2d 576 (La.1993), and *State v. Carruth*, 94-147, 94-148 (La.App. 5th Cir. 9/27/94), 643 So.2d 1319.

*Id*. at 396.

At the guilty plea proceeding, the trial court asked Defendant if he had the habitual offender plea form before him, and Defendant responded affirmatively. The following exchange occurred between the trial judge and Defendant:

THE COURT:

[T]he lawyers are asking me to . . . convict you of unauthorized use of an access card over $500 and also illegal possession of stolen things over $1000, and then convict you of being a habitual offender, and then I'll have to sentence you for these two charges . . . and then after I give you that sentence I'm going to withdrawn [sic] that and give you a sentence as a result of being a habitual offender. Do you understand that?

MR. BADEAUX:

A. Yes, sir.

Additionally, the following pertinent exchange occurred:

THE COURT: Now with regard to Mr. Badeaux, we have one more thing. Mr. Badeaux, you are also admitting that you are an habitual offender, and that is in Docket Number 119180. And so we have a plea of guilty form for that. So if that matter had gone to trial what would've been proven?

MR. HANEY: Your Honor, had we had an habitual offender hearing, and just so the record is clear, I just filed the bill of information for that, the habitual offender bill of information. Had we had a hearing based on that bill of information, Your Honor, the State would've proven that the defendant, Justin Badeaux, is, in fact, the same Justin Badeaux that plead guilty on

6

September 27, 2004, under Docket No. 101830 here in the 15th Judicial District, Lafayette Parish, to the charge of simple burglary; and that he is, in fact, the same Justin Badeaux that just pled guilty in front of Your Honor under Docket Number 119180 and pled guilty to attempted illegal possession of stolen goods.

MR. GUIDRY:  Judge, we'll stipulate to that. We'll also, if the record is clear, any delays or any responses we may have to it we will waive at this time and we can go forward with the sentencing hearing on May 12th.

THE COURT:  Very good.  Thank you very much.

MR. HANEY:  In connection with that, the State would just offer, file, and introduce a copy of the minutes from the September 27, 2004, guilty plea, along with the bill of information and the defendant's plea bargain.

Just to make sure the record is clear, should Your Honor decide if home incarceration were something you would decide I want the record to be clear that at that point the State would ask for restitution.  I want that to be part of the record, I want Mr. Badeaux to understand that. If that is what Your Honor chooses, then -- so he understands that we will request restitution and that you could possibly order restitution.

THE COURT:  Do you understand?

MR. BADEAUX:

A.  Yes, sir.

THE COURT:  Outstanding.  Adjudicate him guilty of that offense as well.

Here, the habitual offender guilty plea form which was filed into the record set forth Defendant's right to remain silent.  On the form, Defendant initialed the right to remain silent, and he signed the habitual offender guilty plea form. Defendant was represented by counsel, the admission was part of a plea agreement, and Defendant acknowledged he had the form at the guilty plea proceeding.

Consequently, this court finds that the trial court's error of not advising Defendant of his right to remain silent was harmless.  We also find that the trial court failed to re-impose a sentence for the conviction of unauthorized use of an access card

7

after it vacated the sentence. Accordingly, we remand this matter to the trial court for imposition of sentence on the conviction of unauthorized use of an access card.

## Assignment of Error No. 1

Defendant argues that his sentences are excessive. Because the trial court failed to impose a sentence for the conviction of unauthorized use of an access card, this assignment of error is limited to the enhanced sentence imposed on the conviction of attempted illegal possession of stolen goods.

Defendant admits he has a problem with drugs and alcohol. He argues that he has accepted responsibility for his actions as evidenced by his guilty pleas. Moreover, he reasons that a sentence providing for less prison time and substance abuse treatment served in a non-custodial environment would have been more appropriate.

Defendant filed with the trial court a Motion to Reconsider Sentence, asserting his sentences were excessive and his attorney was ineffective. The trial court issued a written judgment which provided in pertinent part:

> As part of his plea agreement, Badeaux agreed that the sentencing judge should order the Office of Probation and Parole to conduct a Presentence Investigation and report the results thereof to the court. He further agreed that the sentencing judge's discretion should be limited to a sentencing range of four to ten years. Badeaux now argues that the sentence of ten years at hard labor as a second felony offender, for the crime of attempted illegal possession of stolen goods makes no measurable contribution to penal goals, is purposeless, and is a needless imposition of pain and suffering.
>
> . . . .
>
> This record indicates the offender negotiated a plea agreement that limited the sentencing judge's discretion to an agreed range. It is fair to infer that the offender hoped he would receive a sentence close to the low end of the range. As it turns out the offender actually received the maximum sentence within that range. It is also fair to say that this offender is suffering from buyer's remorse, which of course is not synonymous with

8

either an excessive sentence or the ineffective assistance of counsel. This offender is not entitled to any of the relief requested.

The State asserts Defendant is precluded from arguing that his enhanced sentence is excessive because a sentencing cap of ten years existed.

Louisiana Code of Criminal Procedure Article 881.2 provides in pertinent part:

> A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
>
> (2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.

In this case, the guilty plea form for the habitual offender adjudication and sentence provided that the sentencing range was two-and-one-half to ten years. La.R.S. 14:27, 14:69, 15:529.1. Two places on the sentence form indicated a plea recommendation of four to ten years without benefit of probation, parole, or suspension of sentence. The trial judge, Defendant, and Defendant's attorney signed the plea form. In court, the trial judge referred to the plea form, and Defendant acknowledged he had a copy of it before him. The trial court ordered Defendant to serve ten years at hard labor on the enhanced sentence for the charge of attempted illegal possession of stolen property over $500.00, in accordance with the plea agreement. Thus, Defendant is precluded from challenging this sentence on appeal. La.Code Crim.P. art. 881.2. *See also*, *State v. Neville*, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, *writ denied*, 95-1521 (La. 9/29/95), 660 So.2d 851, *State v. Watkins,* 97-364 (La.App. 3 Cir. 10/8/97), 700 So.2d 1172, *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751

So.2d 232 and *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081, and *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171.

IV.

**DISPOSITION**

Defendant's sentence imposed for the conviction of attempted illegal possession of stolen property over $500.00 is affirmed. This matter is remanded to the trial court for imposition of sentence on the conviction of unauthorized use of an access card for value in excess of $500.00.

**AFFIRMED AND REMANDED FOR SENTENCING.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.