J^LeBLANC, J.
Defendants, Richard Stalder, Secretary of the Department of Public Safety and Corrections (the Department), and other named prison officials, appeal from a district court judgment in favor of plaintiff, John E. Spellman.
Spellman was found guilty of forgery on September 11, 1990 and currently is an inmate at Dixon Correctional Institute. In February 1995, he initiated an administrative remedy procedure (ARP), assigned number DCI-95-0128, against prison officials, pursuant to La.R.S. 15:1171, et seq. Spellman complained he was improperly denied diminution of sentence, often referred to as “good time”, as provided in La.R.S. 15:571.3. At each step of the process, prison officials denied Spellman’s request, based on the Department’s interpretation of La.R.S. 15:571.3 and its allegation that Spellman was convicted of simple burglary in July 1985. Dissatisfied with the response from prison officials, Spellman sought judicial review. The commissioner’s report, based on the record submitted and the applicable law, stated the issue presented in the instant case “involves a question of law and statutory authority”.[1] The commissioner determined the prison officials’ decision denying Spellman good time was based on current statutory law, and she recommended plaintiffs request for judicial review be dismissed.
*673 After a hearing on plaintiffs motion to traverse the commissioner’s report, the district court, in oral reasons, stated:
The court has reviewed this matter and the court has reviewed the report of the commissioner and the traverse, the statute applicable and is of the opinion that it’s a criminal statute, it’s a penal statute and therefore stricti juris; that forgery is not a listed crime. Therefore, the court hereby reverses the commissioner and orders the department to give the petitioner his good time.
Judgment was rendered in favor of plaintiff, and the Department appeals.
On review of questions of law, the court of appeal owes no deference to the district court’s judgment but conducts a de novo review of the record and renders |sa judgment on the merits. Ferrell v. Fireman’s Fund Insurance Co., 94-1252, p. 4 (La.2/20/95); 650 So.2d 742, 745.
La.R.S. 15:571.3 C provides, in pertinent part:
Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if:
(1)The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
(q) Any crime of violence as defined by R.S. 14:2(13).
(r) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(s) Any felony which is defined as an attempt to commit one of the crimes enumerated in Subpara-graphs (a) through (r) of this Paragraph, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977. (Footnotes omitted.)
Although Spellman’s complaint that initiated the ARP is not in the record, we reason from the record before' us that Spellman’s complaint during his ARP and before the district court was that the Department could not deny him diminution of sentence because his instant conviction was not an enumerated |4offense of La.R.S. 15:571.3 C. Because his instant conviction was forgery, not an enumerated offense, Spellman argued the elements of section 571.3 C were not met, and he was improperly denied good time.
In interpreting section 571.3, we are mindful of the framework the law gives us for statutory interpretation. “When a law is clear and unambiguous and its application does not lead to absurd conse *674 quences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La.C.C. art. 9. “The words of a law must be given their generally prevailing meaning.” La.C.C. art. 11. It is well established that criminal statutes are to be strictly construed. State v. Badie, 626 So.2d 46, 48 (La.App. 1 Cir.1993).
The requirements of all three subsections of La.R.S. 15:571.3 C must be present in order to deny an inmate the opportunity to earn good time. Atty.Gen. Op. No. 92-577;[2] see also State v. Mosby, 581 So.2d 1060, 1068 (La.App. 1 Cir.1991), affirmed, 595 So.2d 1135 (1992). The use of the conjunction “and” between each subsection makes each element essential. See La.C.C.P. art. 5056. Each prerequisite must be fulfilled and each condition must be met for the statute to become effective.
In addition, to fulfill the element in La.R.S. 15:571.3 C(l), a prior conviction, as well as the instant conviction, may be used. Atty.Gen.Op. No. 92-577; State v. Melancon, 536 So.2d 430, 434 (La.App. 4 Cir. 1988), writ denied, 582 So.2d 860 (1991). Department Regulation 30-9[3] provides, in pertinent part, as follows:
8. GOOD TIME INELIGIBILITY: Good time shall not be awarded to an inmate in the custody of the Department as outlined below:
1SA. The inmate has been sentenced on the instant offense under the Habitual Offender Law as set forth in R.S. 15:529.1, and also meets all of the criteria as set forth in R.S. 15:571.3C.
1) Any prior or instant conviction listed in R.S. 15:571.3C1 (a) through (r) shall be used to meet the criteria as set forth in this section.
Any prior or instant conviction listed in section 571.3 C(l) may be used to meet the requirements of section 571.3 C. Accordingly, it was legal error for the district court to require that the instant conviction be an enumerated offense for the elements of La.R.S. 15:571.3 C to be met. However, because the oral reasons given by the district court form no part of the final judgment, we will review the record to determine if there is any support for the district court’s judgment.
The record before this court contains the petition filed by plaintiff seeking judicial review, the answer filed by the Department in response to plaintiffs petition, which includes “a certified copy of the administrative record” from DCI-95-0128, consisting of 12 pages, and a copy of the commissioner’s report.
The commissioner found in her report that the record before her reflected that all three requirements of section 571.3 C existed. She stated, “[t]he record indicates that Petitioner was previously convicted in 1985 of the crime of Simple Burglary, thereby satisfying Subsection C(l).” The commissioner goes on to find Spell-man had been adjudicated a habitual offender and that Spellman’s last conviction for forgery was committed after September 10, 1977. Finding all three elements of La.R.S. 15:571.3 C established by the record, the commissioner recommended plaintiffs petition be dismissed. After a complete review of the record, we find no support for the finding by the commissioner that Spellman had a 1985 conviction for simple burglary, and therefore met all three requirements of La.R.S. 15:571.3 C for the denial of good time. One of the two documents in the record labeled P-1 is a copy of what seems to be a minute entry from the 34th Judicial District Court for *675 the Parish of St. Bernard and indicates that Spellman pled guilty to separate charges of simple burglary on August 18, 1981, July 26, |fi1978, and January 14, 1975.[4] There is no evidence which supports the assertion by the Department that Spellman has a 1985 conviction for simple burglary.
Based on the record before us, we find no support for a finding that Spellman had been convicted of simple burglary in 1985, and, therefore, in conjunction with the requirements of section 571.8 C(2) and (3), met the requirements of La.R.S. 15:571.3 C for the denial of good time.
Accordingly, the judgment of the district court in favor of plaintiff and against the Department is affirmed. Costs of this appeal, in the amount of $1,396.07, are assessed against the Department.
AFFIRMED.
PARRO, J., dissents, based on the existence of some evidence in the record showing Spellman had not one, but several previous convictions of simple burglary.

. Because it is an inmate suit, this case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This is a procedure followed in the Nineteenth Judicial District Court to handle the large volume of lawsuits filed by inmates under La.R.S. 15:1177(A). See La.R.S. 13:713.

. We recognize that "opinions of the Attorney General are not law ... at most they are persuasive." Kidd v. Board of Trustees of Teachers’ Retirement System of Louisiana, 294 So.2d 265, 269 (La.App. 1 Cir.), writ denied, 301 So.2d 46 (1974). Thus, while we consider the Attorney General’s opinion, we rely on our own review of the statutory language.

. The record includes a document labeled P-2, which is a copy of Regulation 30-9, dated April 1, 1993.

. The other P-1 document included in the record seems to be an extract from the Minutes of Court, dated November 7, 1991. However, this document identifies neither the specific charge, the charges comprising the "Multiple Bill-2” referred to in the minutes, nor the judicial district in which the proceedings took place.