McClendon, j.
|2The Louisiana Department of Public Safety and Corrections (the Department) appeals a district court judgment reversing the Department’s determination that an inmate was not eligible to receive any diminution in his sentence, often referred to as “good time.” For the reasons that follow, we reverse the district court judgment and reinstate the Department’s decision.
FACTS AND PROCEDURAL HISTORY
The appellee, Lugene Milton,[1] is an inmate currently housed at David Wade Correctional Center (DWCC). On August 18, 1981, he was sentenced to serve three years at hard labor in the Department’s custody for the felony of simple burglary under Caddo Parish Docket Number 116,-530. Milton satisfied this sentence and was released from custody.
On May 10, 1984, a jury found Milton guilty of the charge of simple burglary of an inhabited dwelling under Caddo Parish Docket Number 125,746. The Caddo Parish District Attorney then filed a habitual offender bill, and on July 17,1984, the trial court sentenced Milton to serve twenty- *585 four (24) years at hard labor. Milton served approximately one-half of his sentence and was released on good-time parole supervision, owing a balance of eleven (11) years, six (6) months, and fourteen (14) days to be served under parole supervision.
On February 11, 2002, Milton was arrested and charged with illegal possession of stolen things. Milton’s parole was subsequently revoked and he was returned to the Department’s custody to serve the remainder of his prior sentence — eleven (11) years, six (6) months, and fourteen (14) days. Additionally, for the offense of illegal possession of stolen things, Milton received a sentence of one year (Caddo Parish docket number 221,963).
Milton subsequently initiated an administrative remedy procedure (ARP), assigned number DWCC-2008-1439, wherein he urged that he was being denied the right to earn good time improperly because his present conviction was not for an offense enumerated in LSA-R.S. 15:571.3(0(1), and, thus, does not | spreclude good time eligibility under LSA-R.S. 15:571.3. Administrative relief was denied at all steps of the ARP process on the basis that Milton had a prior conviction of simple burglary, which was an offense enumerated in LSA-R.S. 15:571.3(0(1) and which served as the basis for the denial of good time.
Milton then sought judicial review in the 19th Judicial District Court. Following a hearing on the merits, Commissioner John M. Smart, Jr.[2] found that Milton had been convicted of simple burglary of an inhabited dwelling under Caddo Parish Docket Number 125,746, which the Commissioner noted was neither an enumerated offense specifically listed under LSA-R.S. 15:571.3 nor was it a crime of violence under LSA-R.S. 14:2(6). Because LSA-R.S. 15:571.3 must be read strictly, the Commissioner recommended “that the final administrative decision rendered in this matter be reversed on judicial review based on the finding that the final decision rendered by the Department is arbitrary and manifestly erroneous as provided by R.S. 15:1177(A)(9).” The Commissioner’s report did not address the 1981 conviction.
The Department then filed a traversal to the Commissioner’s recommendation, urging the district court to note that the enumerated crime of violence utilized by the Department in denying diminution of sentence was Milton’s initial 1981 sentence for simple burglary and not the revoked 1984 sentence for simple burglary of an inhabited dwelling. However, the district court adopted the Commissioner’s recommendation, granted Milton’s request for judicial review, found the Department’s decision to be arbitrary and manifestly erroneous, and cast the Department with all costs.
The Department has appealed, asserting that the district court erred in failing to apply the1 prior conviction of simple burglary in conjunction with the habitual offender adjudication to deny Milton diminution of sentence eligibility.
DISCUSSION
LThe Department urges that Milton is not entitled'to diminution- in his sentence by operation of law. The Department notes that LSA-R.S. 15:571.3 prohibits the earning of good time in certain cases. Specifically, LSA-R.S. 15:571.3(0 provides, in pertinent part:
*586 Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
[[Image here]]
(j) Simple burglary.
⅝ * ‡
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10,1977.
In Spellman v. Stalder, 98-0725, p. 4 (La.App. 1 Cir. 4/1/99), 740 So.2d 671, 674, writ granted on other grounds, 99-1801 (La.10/8/99), 750 So.2d 172, this court recognized that all three subsections of LSA-R.S. 15:571.3(0 must be present in order to deny an inmate the opportunity to earn good time. This court further noted that “[a]ny prior or instant conviction listed in section 571.3 C(l) may be used to meet the requirements of section 571.3 C.” Spell-man, 980725 at p. 5, 740 So.2d 674.
The Department contends that Milton has properly been denied eligibility to earn diminution of sentence because all three subsections of LSA-R.S. 15:571.3(0 have been met. The Department avers that Milton has a prior conviction in 1981 for simple burglary — an enumerated offense, has been adjudicated as a habitual offender, and his last conviction for the purpose of the habitual offender law was on or after September 10,1977.
In opposition, Milton contends that the sentencing judge’s comments at the 1984 hearing reflect that his prior conviction in 1981 was akin to simple [¡¡burglary of an inhabited dwelling rather than simple burglary. Specifically, Milton points out that during his sentencing in 1984, the trial court noted:
The District Attorney then moved to file a bill for a multiple offender hearing. We had a hearing on that matter on July 6, and the Court learned that you had been previously sentenced for burglary of an apartment in the 7800 block of Youree Drive. And as a result, you were given a three-year hard labor sentence for that charge on August 18, 1981.
Milton asserts that the sentencing court in 1984 recognized that he had been convicted previously for a “similar crime” to the crime of his 1984 conviction — that of Simple Burglary of an Inhabited Dwelling. Milton contends that although the Department’s records reflect that he was convicted of simple burglary in 1981, at no point during the entirety of the judicial review hearing in this matter did the Department attempt to obtain documentary evidence to refute the “implication” offered by the sentencing judge in 1984 that Milton’s 1981 conviction was for something other than that of Simple Burglary of an Inhabited Dwelling.
We find no ambiguity between the sentencing transcript related to the 1984 conviction and the Department’s records reflecting that Milton had been convicted of simple burglary in 1981. We recognize, as did the district court in 1984, the similar nature of the crimes for which Milton had *587 been convicted in 1981 and 1984. See LSA-R.S. 14:62 and 14:62.2. Nevertheless, the record reflects that Milton was convicted of a violation of LSA-R.S. 14:62, or simple burglary, under docket number 116,530 in 1981. Accordingly, Milton is statutorily barred from earning good time because: 1) he was convicted of simple burglary — an enumerated offense under LSA-R.S. 15:571.3(0(1)0) — in 1981,[3] 2) he has been adjudicated as a habitual offender, and 3) his last conviction for the purpose of the habitual offender law occurred after September 10,1977.
1 .CONCLUSION
For the foregoing reasons, the judgment of the district court is reversed. The Louisiana Department of Public Safety and Corrections’ decision to deny Milton’s request for diminution in his sentence is reinstated. Costs of this appeal are assessed to appellee, Lugene Milton.
REVERSED AND RENDERED.

. We note that the caption erroneously refers to Mr. Milton as "Eugene Milton.”

. Because it is an inmate suit, this case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This is a procedure followed in the Nineteenth Judicial District Court to handle the large volume of lawsuits filed by inmates under LSA-R.S. 15:1177(A). See LSA-R.S. 13:713.

. In reaching this conclusion, we do not address whether the legislature intended to include Simple Burglary of an Inhabited Dwelling within Simple Burglary under LSA-R.S. 15:571.3(C)(l)(j).